**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Haley, | No. CV 10-2540-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Infinity Hospice Care, | |
| Defendant. | |

Defendant Infinity Hospice Care moves to dismiss Plaintiff Cheryl Haley's retaliation claim (i.e., Count III of the complaint) under Rule 12(b)(1) due to lack of jurisdictional exhaustion. Doc. 6. Plaintiff opposes (Doc. 8), the motion has been fully briefed (Docs. 6, 8, 9), and the parties have not requested oral argument.[1]

Dismissal for lack of jurisdictional exhaustion is an affirmative defense that may be raised at any time. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Where such issues are intertwined, the Court must find that jurisdiction exists and address the motion to dismiss as a motion for summary judgment attacking the merits of the plaintiff's case. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 & n.3

---

[1] Defendant's reply informs the Court that Plaintiff has filed an amended EEOC charge alleging retaliation, and asks this Court to stay the motion and convert it to a motion for summary judgment as an alternative to dismissal. Doc. 9. The Court denies these requests as moot in light of this order.

(9th Cir. 2004).

To administratively exhaust an employment discrimination claim a plaintiff must file a timely charge with the EEOC. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). "Subject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Id.*

In this case, Defendant asserts that Plaintiff did not administratively exhaust her retaliation claim because, essentially, she did not check off the "Retaliation" box on the Title VII and ADEA charge she filed with the EEOC. *See* Docs. 6, 6-1. Defendant attached a copy of Plaintiff's EEOC charge to its motion to dismiss. Doc. 6-1 at 2. The charge states, among other things, that Plaintiff "was called into Marie Bianca's office," that Plaintiff "told Bianca that [Plaintiff] felt that their actions were discriminatory," that Plaintiff "subsequently received a text from Bianca to report to the office . . . to meet with CEO Darren Bertram," and that Plaintiff was told by Bertram "we are letting you go." *Id.* The charge goes on to state Plaintiff's belief that she was "discriminated against on the basis of [her] age . . . and because of [her] sex/female." *Id.*

Defendant does not dispute that Plaintiff's EEOC charge alleges she complained of discriminatory actions, that subsequent to that complaint she was asked to meet with Defendant's CEO, and that the CEO told Plaintiff her employment was terminated. Docs. 6, 6-1, 9. Accordingly, the Court holds that Plaintiff's claim for retaliation falls within the scope of an EEOC investigation that could reasonably be expected to grow out of Plaintiff's EEOC charge, and retains jurisdiction of this action. *Vasquez*, 349 F.3d at 644.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 6) is **denied**.

Dated this 17th day of March, 2011.

David G. Campbell
United States District Judge

- 2 -